# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT W. RUSSELL,**

    **Plaintiff,**

v.

**STEPHEN W. THORTON**, *et al.*,

    **Defendants.**

Case No. 2:18-cv-370
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court for consideration of Plaintiff's Objection (ECF No. 6) to the Magistrate Judge's May 2, 2018 Report and Recommendation. (ECF No. 3.) The Magistrate Judge recommended dismissing Plaintiff's Complaint in its entirety for failing to state a claim on which relief may be granted and because the Court lacks subject matter jurisdiction. For the reasons below, the Court **OVERRULES** Plaintiff's Objection (ECF No. 6) and **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 3.)

### I.

Russell, proceeding *pro se*, filed his complaint on May 2, 2018. (ECF No. 2.) Russell named 23 different plaintiffs, who fall into three separate categories. Russell named judges (Diane Karpinski, Kenneth A. Rocco, Mary Ellen Kilbane, Maureen O'Connor, Terrence O'Donnell, Judith Ann Lanzinger, Lynn Slaby, Clair E. Dickinson, Donna J. Carr, Alice Robie Resnick, Jose A. Villaneuva, Kathleen A. Keough, and Sean C. Gallagher ("Defendant Judges")); prosecutors (William D. Mason, Marilyn Barkley Cassidy, John R. Mitchell, Paul M. Soucie, T. Allen Regas, and Diane Smilanick ("Defendant Prosecutors")); and city officials (Stephen W. Thornton, Richard P. Benson, Jr., Paul M. Bican, and Thomas P. O'Donnell

("Defendant Officials")). Russell alleges all Defendants acted "in concert and were part of a continuing conspiracy to deprave Plaintiff of his constitutional and statutory rights" in violation of 42 U.S.C. § 1983. (*See* Compl. ¶¶ 1, 28 (ECF No. 2.))

## II.

Under 28 U.S.C. § 1915A(a), the Court must conduct an initial screen of a plaintiff's complaint when he seeks redress from a governmental entity, or an officer or an employee of a governmental entity. The Court must dismiss the complaint, or any portion of it, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Since Russell filed his Complaint *pro se*, the Court must construe its contents liberally. *Thompson v. Kentucky*, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. 1987). But regardless of Russell's *pro se* status, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

The Magistrate Judge conducted an initial screen of Plaintiff's Complaint and issued a Report and Recommendation, suggested dismissal of Russell's Complaint for failing to state a claim against Defendant Judges and Defendant Prosecutors, and for lacking subject matter jurisdiction over claims against Defendant Officials. Following the Magistrate Judge's Report and Recommendation, Russell filed his Objection. (ECF No. 6.)

If a party properly objects to a report and recommendation within the allotted time, a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which each objection is made. A judge may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

In his Objection, Russell writes eight enumerated paragraphs, each alleging various injustices. Russell never actually objects, however, to any of the Magistrate Judge's findings. Russell arguably references the Magistrate Judge's findings, but that is not enough to warrant review. (*See, e.g.*, Pl.'s Objection, ¶ 7) ("The Magistrates [sic] tight rein seems to follow in the same way matters have gone to date."). By failing to object to the Magistrate Judge's findings, the Court need not review this matter.

### A. Claims Against Defendant Judges and Prosecutors

The Magistrate Judge recommended dismissing Russell's Complaint after concluding that Defendant Judges and Defendant Prosecutors were legally immune from Russell's claims. Russell failed to object to—or to mention—the Magistrate Judge's determination that immunity protected those Defendants. By failing to specifically object to the Magistrate Judge's conclusion that legal immunity applied, Russell waived any right to *de novo* review of that issue. Therefore, the Court adopts the Magistrate Judge's recommendations to dismiss Russell's claims against Defendant Judges and Defendant Prosecutors.

### B. Claims Against Defendant Officials

The Magistrate Judge recommended dismissing Russell's claims against Defendant Officials after determining that the Court lacks subject matter jurisdiction over those claims. Russell did not address the issue of subject matter jurisdiction. Since Russell failed to object to any "portion of the report or specified proposed findings or recommendations" the Court need not make any *de novo* determinations on this matter. 28 U.S.C. § 636(b)(1).

3

IV.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS without prejudice** Plaintiff's Complaint. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

10-23-2018

**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**